# Wolfe *v.* Smith, Receiver of Pittsburgh, Shawmut & Northern Railroad Company, Appellant.

*Negligence—Railroads — Passengers — Platforms — Absence of guard rail—Case for jury.*

In an action against a railroad company to recover damages for personal injuries sustained by plaintiff in consequence of a fall from a platform at one of defendant's stations while waiting for a train, the case is for the jury and a verdict for the plaintiff will be sustained where it appeared that plaintiff miscalculated the distance of the platform from the ground and in stepping therefrom fell into a ditch, that the night was dark and there was no guard rail at the end of the platform where the accident occurred.

Submitted Feb. 1, 1916.   Appeal, No. 1, Oct. 1, 1916, by defendant, from judgment of C. P. Armstrong Co., Sept. T., 1914, No. 19, on verdict for plaintiff, in case of Mary P. Wolfe v. Frank Sullivan Smith, Receiver of the Pittsburgh, Shawmut & Northern Railroad Company, a Corporation.  Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before KING, P. J.

From the record it appeared that on Nov. 29, 1913, plaintiff left her uncle's home in the country to take a train at Colwell for Kittanning.

Colwell is a flag station on the Pittsburgh & Shawmut Railroad which railroad is operated by Frank Sullivan Smith, Receiver, the defendant.

Plaintiff and her aunt and cousin who intended taking same train were driven to station. The station consisted of a platform, forty feet long and nine feet, four inches wide, with a shelter house on the north side along the highway where the passengers get on the platform and where a step is maintained for that purpose.

The plaintiff, her aunt and cousin went up onto the platform into the shelter house.

The plaintiff stated that she went out of the shelter house and walked up and down in front of same; that she then walked to the north end of the station platform; that she could see that she was at the end of the platform and thought it was about a foot to the ground, stepped down intending to walk a short distance up the track, was mistaken in the distance which was about four feet and fell into a ditch, spraining her ankle. The night was dark, and it was raining. There was no guard rail at north end of platform where accident occurred.

Verdict for plaintiff for $2,500.00 and judgment thereon. Defendant appealed.

*Errors assigned* were various instructions to the jury, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*J. H. Painter,* for appellant.

*H. A. Heilman,* for appellee.

564 WOLFE *v.* SMITH, Rec. of PGH., S. & N.R. R. CO., Appel.

Opinion of the Court.          [252 Pa.

PER CURIAM, March 6, 1916:

The negligence of the defendant and the contributory negligence of the plaintiff were questions of fact for the jury. No reversible error appears in the court's rulings on offers of evidence or in the instructions to the jury, and the judgment is, therefore, affirmed.